HARLEY DENMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Denman v. Commissioner
Docket No. 13502-90
United States Tax Court
T.C. Memo 1992-127; 1992 Tax Ct. Memo LEXIS 148; 63 T.C.M. (CCH) 2256; T.C.M. (RIA) 92127; March 3, 1992, Filed *148 An appropriate order and decision will be entered. Harley Denman, pro se. Monica Miller, for respondent. PARR
PARR
MEMORANDUM OPINION PARR, Judge: This matter is before the Court on respondent's motion to dismiss for failure to properly prosecute. Background
Respondent determined the following deficiencies in and additions to petitioner's Federal income tax: [1] Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
Sec. 6661
1986
$ 16,162
$ 808
[2] $ 4,041
1987
10,793
540
[2] 2,698
Sec. 6653(a)(1)
1988
1,250
191
--
--
All section references are to the Internal *149 Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Petitioner filed an amended petition with the Court while residing in Oklawaha, Florida. The petition disputed the entire amount of the deficiency and additions to tax for all 3 years, and stated that the auditor understated petitioner's expenses and overstated his income. On August 13, 1992, the Court served a Notice Setting Case For Trial and a Standing Pre-Trial Order on the parties. The Notice Setting Case For Trial states in part: The parties are hereby notified that the above-entitled case is set for trial at the Trial Session beginning on January 13, 1992. The calendar for that Session will be called at 10:00 A.M. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.
The Notice Setting the Case For Trial and the Standing Pre-Trial Order similarly required the parties to cooperate and to stipulate facts to the maximum extent possible. Petitioner did not seek a continuance. *150 When the case was called for trial on January 13, 1992, at Jacksonville, Florida, respondent appeared and announced ready for trial; neither petitioner nor anyone representing petitioner appeared for trial. Respondent represented the history of the case as follows: The Appeals officer for respondent successfully contacted petitioner at the telephone number and address shown on the petition, and an apparent settlement of the case was reached. The Appeals officer next mailed the decision documents reflecting the settlement to petitioner at the address shown on the petition. Petitioner verified the settlement and agreed to execute the decision documents; however, the Appeals officer never received the documents and transferred petitioner's case to the Jacksonville, Florida, district counsel for trial. District counsel repeatedly attempted to contact petitioner at the telephone number in the petition, but petitioner never returned any of the calls. In a letter dated December 24, 1991, district counsel invited petitioner to a conference on January 3, 1992. Additionally, on December 24, 1991, district counsel sent petitioner a trial memorandum, a stipulation of facts, and an additional *151 set of decision documents. District counsel informed petitioner that if he failed to appear for trial, respondent would move to dismiss the case for failure to properly prosecute. Petitioner did not respond to any of the December 24, 1991, inquiries. Discussion
The Court may dismiss a case for failure to properly prosecute if a party unexcusably fails to appear when the case is called for trial. Rule 149(a). Respondent warned petitioner that he would file a motion to dismiss for failure to properly prosecute, and the Notice Setting Case For Trial notified petitioner that failure to appear at trial could result in the dismissal of the case and an entry of decision against him. Nevertheless, no appearance was made by or on behalf of petitioner when the case was called for trial. We find that petitioner intentionally failed to appear for trial or to execute the settlement to which he agreed. Therefore, dismissal is warranted in this case for failure to properly prosecute. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. The deficiencies and additions for tax years 1986 and 1987 are determined against petitioner Harley Denman and Mrs. Hazel Denman. Mrs. Denman died in 1987. Accordingly, the 1988 deficiency and additions to tax are determined only against petitioner Harley Denman.↩
2. 50 percent of the interest due under sec. 6601 with respect to the portion of the underpayment attributable to negligence.↩